

# IN THE DISTRICT COURT IN AND FOR COMANCHE COUNTY
## STATE OF OKLAHOMA

STATE OF OKLAHOMA
Comanche County
FILED in the
Office of the Court Clerk

MAR 27 2018

By ____ Deputy

| | |
|---|---|
| ALICE SHACKELFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: CJ-2018-202 |
| ) | |
| AMERICAN INCOME LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## PETITION

COMES NOW the Plaintiff, Alice Shackelford, and for her causes of action against Defendant American Income Life Insurance Company alleges and states as follows:

### I. JURISDICTION AND VENUE

1. Plaintiff Alice Shackelford ("Shackelford") is a resident of Apache, Comanche County, State of Oklahoma.

2. Defendant American Income Life Insurance Company ("AILIC") is a foreign insurance company domiciled in Indiana and licensed to and engaged in the business of insurance in the State of Oklahoma, including Comanche County.

3. The events which give rise to this lawsuit occurred in Apache, Comanche County, Oklahoma.

4. The District Court in and for Comanche County has jurisdiction over the parties 12 O.S. §§ 137 and 187.

### FACTS

5. Plaintiff hereby adopts and alleges each of the facts and allegations set forth in paragraphs 1-4 above.

Exhibit 3 - Page 1 of 6

6. AILIC issued an accidental death and dismemberment policy to Odell Shackelford, Policy No. 5043544, effective on February 24, 1996 ("the Policy"). Odell Shackelford made Plaintiff the beneficiary under the Policy.

7. In the afternoon of January 24, 2017, Odell Shackelford was traveling northbound on US 62 near Edgewater Boulevard when he crossed the centerline and lost control of his vehicle and struck a dirt embankment. His vehicle rolled and came to rest on the passenger side. Mr. Shackelford died from the injuries suffered as a result of the wreck.

8. Later that same day, an autopsy was conducted by medical examiner, Dr. Eric Duval, D.O., with the autopsy report being completed on January 26, 2017. The autopsy report revealed that the cause of death was multiple blunt force injuries and revealed that Mr. Shackelford had the medical condition of hypertrophic cardiomegaly.

9. In addition, a blood analysis of Mr. Shackelford revealed that he had Diazepam, also known as Valium, and Nordiazepam, a metabolite of Diazepam, in his system at the time of his death.

10. While the Policy was in force and effect, Odell Shackelford died as the result of an automobile accident.

11. The Policy provides for an accidental death and dismemberment benefit in the amount of $20,000, which is doubled in the case of an automobile accident to a total of $40,000.

12. Subsequently, Plaintiff made a claim for such benefits and on February 23, 2017, AILIC acknowledged that the claim had been received but that additional information was needed. AILIC requested a medical authorization as well as the autopsy/toxicology report and assigned a claim number, 0D49983.

13. On or about March 28, 2017, upon information and belief, Plaintiff provided AILIC with a medical authorization for Odell Shackelford. Then, on April 18, 2017, AILIC informed Plaintiff that medical records had been requested and that in order to evaluate the claim a review of medical records was necessary.

14. A couple of weeks later, on May 2, 2017, AILIC requested a copy of the prescription for Diazepam and Nordiazepam prescribed to Odell Shackelford. AILIC again requested the information on June 13, 2017. This is in despite with the fact that Plaintiff previously provided AILIC with a medical authorization that would allow for AILIC to obtain all pharmacy records.

15. During that time, Plaintiff was attempting to determine Odell Shackelford's prescriptions and gather other information for AILIC, which was no easy task. Odell Shackelford valiantly served in the Vietnam War and was awarded a Purple Heart; however, as a result of his service he suffered from health issues related to his exposure to Agent Orange. The problems worsened in 2012 and from that time Plaintiff and Mr. Shackelford spent a tremendous amount of time dealing with medical providers, appointments, and procedures/treatment. Mr. Shackelford dealt with skin conditions, cancer, and intermittent episodes of unbearable itching and pain. As such, Odell Shackelford kept up with his own prescriptions and refills and Plaintiff was unaware of exactly what he was taking, when he was required to take the prescriptions, dosages, etc.

16. Plaintiff responded to AILIC on June 13, 2017 and informed AILIC that Odell Shackelford had never been prescribed or taken Nordiazepam. However, she did not know whether Odell Shackelford had ever been prescribed Diazepam, so she searched the usual places where he kept his prescriptions and did not find a prescription bottle and informed AILIC that there was not a prescription bottle in their home for Diazepam.

17. Roughly two weeks later, on June 29, 2017, AILIC informed Plaintiff that the claim was denied based on an exclusion in the Policy that states: "No benefit will paid for expenses incurred for loss resulting from: ... (6) Use of drugs, narcotics, or hallucinogens". This was the only reason and basis for the denial ever given to Plaintiff from AILIC.

## COUNT ONE – BREACH OF CONTRACT

18. Plaintiff hereby adopts and realleges each of the facts and allegations set forth in paragraphs 1-17 above.

19. At the time of Odell Shackelford's death from multiple blunt force injuries, he was insured under an accidental death and dismemberment policy issued by Defendant, Policy No. 5043544.

20. Odell Shackelford made Plaintiff the beneficiary under the Policy.

21. The Policy provides for an accidental death and dismemberment benefit in the amount of $20,000, which is doubled in the case of an automobile accident to a total of $40,000.

22. Plaintiff made a claim to Defendant for payment of benefits under the Policy.

23. AILIC breached its insurance policy with Plaintiff by refusing to pay the accidental death and dismemberment benefits covered and due under the Policy by creating a sham defense to payment based on the self-serving, subjective use of an exclusion under the Policy.

24. AILIC has waived the right to claim any other basis for denial of the claim other than that the death was a result of use of drugs, narcotics, or hallucinogens. AILIC is further estopped from alleging any other defense to non-payment under the Policy pursuant to the doctrine of "mend the hold".

25. As a direct result of Defendant's breach of contract, Plaintiff has suffered damages.

26. Plaintiff has been forced and compelled to hire an attorney to prosecute this action.

4

5

Exhibit 3 - Page 4 of 6

33. Instead, AILIC focused its investigation on finding a way to deny the claim and relied on a speculative, subjective basis to deny the claim while ignoring evidence that it knew or should have known favored payment of benefits due under the Policy.

34. AILIC breached its duty to deal fairly and in good faith with Plaintiff because AILIC put its own interests ahead of Plaintiff by concocting a "death resulting from use of drugs" defense to justify a refusal to pay properly owed benefits under the Policy in an attempt to save AILIC money.

35. AILIC breached its duty to deal fairly and in good faith with Plaintiff by misinterpreting the language the Policy under applicable Oklahoma law for its own benefit in an attempt to save money.

36. Upon information and belief, AILIC breached its duty to deal fairly and in good faith with Plaintiff because AILIC has a claims handling system that encourages and incentivizes the denial of claims based on AILIC's subjective interpretation of exclusions and ignorance of facts in favor of coverage. AILIC encourages this type of claims handling environment through corporate directives and the training and supervision of its customer service and claims handling employees where the duty of good faith and fair dealing is disregarded in favor of the profitability of AILIC.

37. As a result AILIC's breach of its duty to deal fairly and in good faith, Plaintiff suffered damages in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332, with interest, costs, a reasonable attorney fee, and such other relief as may be just and equitable.

38. AILIC's breach of the duty of good faith and fair dealing was intentional and malicious.

39. Punitive damages should be awarded against AILIC in an amount sufficient to punish AILIC and deter others.

WHEREFORE, Plaintiff Alice Shackelford prays for judgment against Defendant American Income Life Insurance Company for an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332, together with costs, interest, reasonable attorney fees, and other relief which this Court deems just and equitable.

Respectfully submitted,

Simone Fulmer, OBA #17037
Harrison C. Lujan, OBA #30154
Jacob L. Rowe, OBA #21797
Andrea R. Rust, OBA #30422
FULMER SILL PLLC
P.O. Box 2448
1101 N. Broadway Ave., Suite 102
Oklahoma City, OK 73103
Phone/Fax: (405) 510-0077
Email: sfulmer@fulmersill.com
hlujan@fulmersill.com
jrowe@fulmersill.com

**ATTORNEYS FOR PLAINTIFF**

**ATTORNEY LIEN**
**JURY TRIAL DEMANDED**