1              IN THE UNITED STATES DISTRICT COURT

2             FOR THE WESTERN DISTRICT OF OKLAHOMA

3

   ALICE SHACKELFORD
4
            Plaintiff,
5                                            No. CIV-18-0456-HE
        vs.
6
   AMERICAN INCOME LIFE
7  INSURANCE COMPANY

8           Defendant.
   ~~~~~~~~~~~~~~~~~~~~~
9

10

11

12                        DEPOSITION OF

13                    STEVEN PLITT, ESQ.

14

15                       July 24, 2019

16                         10:00 a.m.

17

18                  1850 North Central Avenue
                           Suite 2400
19                       Phoenix, Arizona

20

21

22

23

24

25           Talia Douglas, RPR, CR No. 50775

1        THE WITNESS:  -- they have reasonably done
2  what they were required to do in investigating the claim
3  with the understanding that mistakes had been made so not
4  all of the information had been communicated.
5  BY MR. ROWE:
6     Q.   Do you believe that American Income fairly
7  evaluated all of the factual materials they had at the time
8  that they made the claims decision?
9     A.   I believe they reasonably evaluated the
10 information, and by being reasonable, that is the
11 equivalent of fair.
12    Q.   So you would say that American Income fairly
13 evaluated all of the facts in their possession and that --
14 or they reasonably evaluated all of the facts in their
15 possession and that, in doing so, treated Ms. Shackelford
16 fairly?
17           MS. TERRY:  Object to the form.
18           THE WITNESS:  Yes.
19 BY MR. ROWE:
20    Q.   The top of my little period here is payroll we
21 owe, which American Income did after the lawsuit was filed,
22 right?
23    A.   They should pay what they owe.
24    Q.   And they did pay what they owed after the lawsuit
25 was filed, correct?



```
 1    A.    Yes.
 2    Q.    Now, on the upper perimeter, we have the idea of
 3  promptness.
 4          An insurance company should do all of the
 5  things that they do for their beneficiaries and insureds
 6  with reasonable promptness, true?
 7    A.    Yes.  I would say reasonable promptness.
 8    Q.    And on the opposite side, I've written purpose of
 9  the policy, which is to provide the benefits that are due
10  to a policy holder or beneficiary.
11    A.    That's the purpose of the policy.
12    Q.    The purpose of the policy would be to deny claims
13  for which there's no coverage, too, right?
14                MS. TERRY:  Object to the form.
15                THE WITNESS:  I don't know that it's the --
16  it's -- you're mixing them from my mind.
17                A purpose for the purchase is to protect
18  yourself in various ways.  That's easy to fit into the idea
19  of purpose of the policy.
20                The policy doesn't have a purpose to deny.
21  The policy has a purpose to play itself out as written.
22  That's not putting it in negative terms.
23                It just -- if it owes, it pays.  If it
24  doesn't, it doesn't.  But it's purpose is not to deny
25  claims.
```

