IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALICE SHACKELFORD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 18-CV-456-HE |
| AMERICAN INCOME LIFE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S
MOTION IN LIMINE RELATED TO OKLAHOMA'S UNFAIR CLAIMS SET-
TLEMENT PRACTICES ACT [Doc. 135]**

COMES NOW Plaintiff Alice Shackelford and submits her objection to Defendant *American Income Life Insurance Company's Motion in Limine to Preclude Evidence Related to Oklahoma's Unfair Claims Settlement Practices Act* [Doc. 135]. American Income is correct in its assertion that the Unfair Claims Settlement Practices Act ("UCSPA") does not create a private cause of action, nor are the terms of the act synonymous with the duty of good faith and fair dealing. Plaintiff's counsel are well-acquainted with *Aduddell Lincoln Plaza Hotel v. Certain Underwriters at Lloyd's of London*, 2348 P.3d 216 (Okla. Civ. App. 2015) and do not intend to violate its holding. However, the standards set forth in the act have been acknowledged by American Income and both expert witnesses as standard claims handling practices in the insurance industry. The standards reflected in the act should not be excluded simply because they are also memorialized by Oklahoma statute.

Plaintiff intends to and should be allowed to utilize industry-wide claims handling standards to provide a framework within which the jury may examine the reasonableness

1

of American Income's claims handling conduct. Some of these standards are reflected by Oklahoma's Unfair Claims Settlement Practices Act ("UCSPA"). Such standards are admissible in tort suits. *See Jackson v. Oklahoma Memorial Hosp.*, 909 P.2d 765, 775 (Okla. 1995)(Finding that, in medical malpractice claim, internal hospital standards were admissible to assist jury in determining *"quality of care"* even though it did not establish degree of care legally due to patient); *see also Johnson v. Hillcrest Health Center, Inc.*, 70 P.3d 811, 817-18 (Okla. 2003)("[R]ules and regulations enacted by administrative agencies and boards pursuant to the powers delegated to them have the force and effect of law, they are material and relevant to the issue of the applicable standard of care and its alleged breach [in medical malpractice action]. The Oklahoma Insurance Department has also promulgated regulations adopting the UCSPA as the "minimum standard of performance" for insurance companies handling claims in Oklahoma. *See* Oklahoma Administrative Code Sec. 365:15-3-2.1.

Plaintiff does not intend to misuse the UCSPA as did the plaintiff in *Aduddell*. There, at plaintiff's request, the trial court gave the following instruction to the jury:

> Jury Instruction No. 14 stated:
> The State of Oklahoma has enacted statutes, which prohibit insurers from engaging in certain practices. The standard of conduct with which insurers are expected to comply (sic). Under Oklahoma law, the following acts constitute **unfair claims settlement practices**:
>     Knowingly misrepresenting to claimants pertinent facts or policy provisions relating to coverage at issue;
>     Failing to adopt and implement reasonable standards for prompt investigations of claims arising under its insurance policies or insurance contracts;
>     Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear;

> Requesting a claimant to sign a release that extends beyond the subject matter that gave rise to the claim payment;
>
> Issuing checks or drafts in partial settlement of a loss or claim under a specified coverage which contain language releasing an insurer or its insured from its total liability;
>
> Compelling, without just cause, policyholders to institute suits to recover amounts due under its insurance policies or insurance contracts by offering substantially less than the amounts ultimately recovered in suits brought by them, when the policyholders have made claims for amounts reasonably similar to the amounts ultimately recovered;
>
> If you find that Lloyds engaged in conduct constituting an **unfair claim settlement practice** as set forth above, you are entitled to consider such violation, together with all other facts and circumstances in evidence, when determining whether or not Lloyds breached its duty of good faith and fair dealing to Lincoln Plaza.

*Aduddell*, 348 P.3d at 223, fn. 9 (emphasis added).

As given Instruction No. 14 is misleading and prejudicial. It's no wonder the Oklahoma Court of Civil Appeals disapproved it. First, it does not accurately reflect the terms of Oklahoma's Unfair Claims Settlement Practices Act. The prohibitions set forth in Instruction No. 14 are accurate, but the instruction did not properly convey the law. Missing from the instruction is, perhaps, the most important portion of the UCSPA - that behavior prohibited by the Act *only* constitutes an unfair practice when "(1) [i]t is committed flagrantly and in conscious disregard of [the] act or any rules promulgated hereunder; or (2) [i]t has been committed with such frequency as to indicate a general practice to engage in that type of conduct." 36 O.S. 1250.3. The *Aduddell* instruction conveyed to the jury that *any* deviation from the conduct prohibited by the UCSPA constituted an "unfair" practice as a matter of law. This interpretation is clearly incorrect and prejudiced the defendant.

Plaintiff intends to utilize the standards set forth above for exactly what they are: best practices that have been almost universally adopted in the insurance industry. Such a

3

use is appropriate. The applicable claims handling standards will provide the jury a framework with which to evaluate American Income's claims handling conduct and whether it deviated from normative claims handling practices here. Never will Plaintiff's counsel refer to these standards under the banner of "Unfair Claims" practices or as "the law." From Plaintiff's perspective, the terms of the UCSPA are guideposts that American Income knows or should know about and which ought to govern their claims handling activities.

Additionally, Plaintiff has alleged punitive damages are warranted in this case. To prove these allegations, Plaintiff must prove that American Income's conduct recklessly disregard the duty of good faith and fair dealing or that it acted intentionally and with malice[1]. Evidence of the insurance industry's claims handling standards is critical in proving that American Income acted with reckless disregard and / or intentionally and with malice. The evidence Plaintiff will present is that American Income and all claims handling employees that participated in the handling of Ms. Shackelford's claim were expected to know and comply with these standards and that refusing to follow these standards is no simple mistake. In this way, the applicable insurance claims handling standards, and the various levels at which they have been conveyed to American Income and its claims handlers is relevant and admissible evidence. Accordingly, this motion should be denied.

---

[1] Malice in this conduct "involves either hatred, spite, or ill-will or else the doing of a wrongful act intentionally without just cause or excuse. OUJI 22.5.

Respectfully submitted,

/s/*Jacob L. Rowe*
Simone Fulmer, OBA #17037
Jacob L. Rowe, OBA #21797
Andrea R. Rust, OBA #30422
FULMER SILL PLLC
1101 N. Broadway Ext., Suite 102
Oklahoma City, OK  73103
Phone:   (405) 510-0077
Fax:     (800) 978-1345
Email:  sfulmer@fulmersill.com
jrowe@fulmersill.com
arust@fulmersill.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of January, 2020, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Kathryn D. Terry, OBA No. 17151
Candace Williams Lisle, OBA No. 9638
Thomas G. Wolfe, OBA No. 11576
Mark E. Hornbeek, OBA No. 33198
PHILLIPS MURRAH, PC
13th Floor, Corporate Tower
101 N. Robinson Ave.
Oklahoma City, Oklahoma  73102
Telephone: (405) 235-4100
Facsimile:  (405) 235-4133
kdterry@phillipsmurrah.com
cwlisle@phillipsmurrah.com
tgwolfe@phillipsmurrah.com
mehornbeek@phillipsmurrah.com

/s/*Jacob L. Rowe*