IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALICE SHACKELFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-CV-456-HE |
| | ) |
| AMERICAN INCOME LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S
MOTION IN LIMINE RELATED TO OKLAHOMA LAW [Doc. 137]**

COMES NOW Plaintiff Alice Shackelford and submits her objection to Defendant *American Income Life Insurance Company's Motion in Limine to Preclude Testimony and Evidence relating to Oklahoma Law* [Doc. 137].

Defendant asks the Court to prohibit Plaintiff's counsel and Mr. Welch from violating the Court's *Order* [Doc. 88] in which it directs the parties that "neither witness should attempt to define applicable legal standards for the jury." *Order* [Doc. 88], p. 4. At the outset, Plaintiff has provided Mr. Welch a copy of the Court's Order. Neither Plaintiff's counsel, nor Mr. Welch intend to violate the terms of the same. However, in light of the instant motion, Plaintiff seeks clarification.

First, it must be noted that Defendant fundamentally misinterprets the opinions within Mr. Welch's expert report as well as his proposed testimony in this matter.[1] It is

---

[1] Mr. Welch's expert report differs significantly from Mr. Plitt's. Mr. Plitt's report was replete with opinion testimony on the ultimate issue in this matter - whether American Income's conduct

1

inarguable that Oklahoma law requires an insurance company conducting business in the State of Oklahoma to know and understand the laws that apply to its policies. *Brown v. Patel*, 157 P.3d 117, 122 (Okla. 2007) and *Barnes v. Oklahoma Farm Bur. Ins. Co.*, 11 P.3d 162, 171 (Okla. 2000); *see also Willis v. Midland Risk Ins. Co.*, 42 F.3d 607, 612 ("The insurer is held to knowledge of the applicable Oklahoma law, and the reasonableness of its decision must be judged in light of that law"). Both Mr. Welch and Mr. Plitt, American Income's expert witness, agree. *See* Ex. 1 - Welch Rule 26 Report and Ex. 2 - *Deposition of Plitt*, p. 38:17 - 39:16, 191:9 - 192:25. Joel Scarborough, Sr. Vice President and General Counsel for American Income, testifying as a 30(b)(6) corporate representative, also agrees and testified that American Income's business processes must comply with those laws. Ex. 3 - *Deposition of Scarborough*, p. 15:25 - 16:11.

It is equally inarguable that an insurance claims handling process that fails to satisfy an insurer's duty to know and understand Oklahoma law and / or to implement policies that comply with those laws is a valid basis for an insurance bad faith claim. *See Haberman v. Hartford Ins. Group*, 443 F.3d 1257, 1271 (10th Cir. 2006) (insurer ignoring provisions of its own policy and Oklahoma law could give rise to inference of malice supporting sub-

---

violated the duty of good faith and fair dealing - and did so in a nearly unacceptably conclusory manner. *See* Order [Doc. 88], fn. 2, p. 3. The instant motion presupposes Mr. Welch intends to offer the same type of conclusory testimony. However, as set forth in his Rule 26 report, Mr. Welch's intention from the outset was to set forth the standards that apply to the handling of insurance claims and to examine whether American Income's actions met those standards. *See* Ex. 1 - Welch's Rule 26 Report. Whether American Income was reasonable and whether it violated the duty of good faith are clearly questions for the jury, not expert witnesses.

mission of case to jury for award of punitive damages). Given these truths - that an insurance company is required to know and understand the law applicable to its policies **and** that a failure uphold the law in the handling of claims under those policies is a valid basis for an insurance bad faith action - the legal standards which American Income are required to uphold and whether they did so in this case are facts that must be presented to the jury.

Ultimately, any proffered testimony of Mr. Welch related to the law of the State of Oklahoma would have been presented *only* to establish standards of conduct that an insurance company is to know and abide by. In no circumstance would such testimony equate the violation of any regulatory, statutory, or precedential provision to an affirmative violation of the duty of good faith and fair dealing or any other ultimate issue of fact. Nor would Plaintiff's counsel personify the trope of a plaintiff's lawyer by banging his fist on the dais while proclaiming they broke the law!" or any other type of gross oversimplification of the facts at issue.

Regardless, the Court has ordered that neither Mr. Welch, nor Mr. Plitt are to define applicable legal standards for the jury. Because, the law governing the handling of the claim at issue here constitutes an issue of fact the jury must consider to fully appreciate the reasonableness of American Income's conduct, Plaintiff has drafted Proposed Jury Instruction No. 14 for the Court's consideration. However, should the Court be disinclined to provide this instruction or an alternative that sets forth the obligations an insurance company is required by law to undertake, Plaintiff would respectfully ask the Court to deny the instant motion or to otherwise clarify the Court's *Order* [Doc. 88] such that the jury may

be fully apprised of the claims handling standards that American Income knows or should know.

Respectfully submitted,

/s/ *Jacob L. Rowe*
Simone Fulmer, OBA #17037
Jacob L. Rowe, OBA #21797
Andrea R. Rust, OBA #30422
FULMER SILL, PLLC
1101 N. Broadway, Suite 102
Oklahoma City, OK 73103
Phone/Fax:  (405) 510-0077
Fax:  (800) 978-1345
sfulmer@fulmersill.com
jrowe@fulmersill.com
arust@fulmersill.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of January, 2020, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Kathryn D. Terry, OBA No. 17151
Candace Williams Lisle, OBA No. 9638
Thomas G. Wolfe, OBA No. 11576
Mark E. Hornbeek, OBA No. 33198
PHILLIPS MURRAH, PC
13th Floor, Corporate Tower
101 N. Robinson Ave.
Oklahoma City, Oklahoma  73102
Telephone: (405) 235-4100
Facsimile:  (405) 235-4133
kdterry@phillipsmurrah.com
cwlisle@phillipsmurrah.com
tgwolfe@phillipsmurrah.com
mehornbeek@phillipsmurrah.com

/s/Jacob L. Rowe